**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

[ADDITIONAL PLAINTIFF'S COUNSEL
ON SIGNATURE PAGE]

*Attorneys for Plaintiff,*
Toni Welk

*KAZEROUNI LAW GROUP, APC*
*245 FISCHER AVENUE, SUITE D1*
*COSTA MESA, CA 92626*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TONI WELK, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**NUTRACEUTICAL CORPORATION D/B/A BIOGENESIS NUTRACEUTICALS, INC. d/b/a NUTRABIOGENESIS d/b/a BIOGENESIS,**<br><br>Defendant. | Case No.: '17 CV 2266 BEN KSC<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIVIL CODE §§ 1750, *ET SEQ.*);**<br>2) **CALIFORNIA BUS. & PROF. §§ 17500 *ET SEQ.*;**<br>3) **CALIFORNIA'S HEALTH AND SAFETY CODE § 110660;**<br>4) **CALIFORNIA BUS. & PROF. §§ 17200 *ET SEQ*;**<br>5) **NEGLIGENT MISREPRESENTATION;**<br>6) **INTENTIONAL MISREPRESENTATION.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## INTRODUCTION

1. TONI WELK ("Plaintiff" or "Ms. Welk") brings this Class Action Complaint to challenge the deceptive advertising and business practices of NUTRACEUTICAL CORPORATION d/b/a BIOGENESIS NUTRACEUTICALS, INC. d/b/a NUTRABIOGENESIS d/b/a BIOGENESIS, ("Defendant") with regard to Defendant's false and misleading promotion of its consumable liquid B vitamin supplements (the "Products").[1]

2. Defendant promotes that its Products contain a certain amount of vitamin B12 as Methylcobalamin ("MeCO") per serving, when in fact, Defendant's Products become unstable upon opening and degrade over time; and, therefore Defendant's Products fail to provide the amount of vitamin B12 as MeCO as stated on the Products' label's serving size. The unlawfully labeled consumable Products are sold online and in various stores throughout the United States.

3. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

4. As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal. 4th 310, 328-29:

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities…

---

[1] Although Plaintiff purchased Defendant's mislabeled "Biogenesis – Methyl Factors 2 oz" product, which is advertised via its label as, among others, containing 1,000 micrograms of liquid vitamin B12 per serving, Plaintiff seeks class wide relief on behalf of all purchasers of any of Defendant's Products that are substantially similar to the product purchased by Plaintiff (i.e., all of Defendant's liquid vitamin B12 products, regardless of the brand they are advertised under and the exact amount of liquid B12 vitamin advertised per serving).

5. This nationwide sale and advertising of deceptively labeled products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq*.; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 *et seq*.; (3) California's Health and Safety Code § 110660; (4) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq*.; (5) negligent misrepresentation; and (6) intentional misrepresentation. This conduct caused Plaintiff, and others similarly, situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[2] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

8. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the State of California, and within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii)

---

[2] On information and belief, Defendant sells its Products in bricks and mortar stores and on websites throughout the Nation. Based upon the advertised price of Defendant's Products and their nationwide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a)    is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)    does substantial business within this district;

    (c)    is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)    the harm to Plaintiff occurred within this district.

## PARTIES

9. Plaintiff is an individual residing in El Cajon, California.

10. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Delaware with a principal place of business in Utah, and does business within the State of California and within this district.

11. Upon information and belief, NUTRACEUTICAL CORPORATION purchased NUTRABIOGENESIS in 2014.

12. Defendant is an American conglomerate that manufactures and/or distributes various products, including consumable consumer packaged goods such as dietary supplements and over the counter pharmaceutical products. Defendant conducts business through Internet sales and enjoys wide retail distribution at numerous stores within the United States.

## NATURE OF THE CASE

13. At all times relevant, Defendant made, and continues to make, affirmative misrepresentations regarding the liquid B vitamin supplement it manufactures, markets and sells. Specifically, Defendant packaged, advertised, marketed, promoted, and sold its Products to Plaintiff and other consumers similarly situated with the false representation that its Products contains a specified amount of liquid B vitamins per serving.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

14. Defendant's Products, however, do not contain the amount of vitamin B per serving as represented on their labels, as the Products become unstable immediately upon opening, starts degrading over time such that the amount of vitamin B12 becomes negligible and ineffective.

15. In some of Defendant's Products Defendant used MeCO—as opposed to other forms of vitamin B12 that may have been more stable, but less appealing to consumers. Defendant prominently displays MeCO both on the front panel and Supplement Facts panel of its Products because Defendant knows and understands consumers' preference for MeCO as opposed to other forms of vitamin B12. Furthermore, Defendant created vitamin B12 as a liquid because it knows many consumers that need vitamin B12 are also unable to swallow tablets or capsules, which may have been more stable.

16. Defendant advertises the benefits of its Methyl Factors on amazon.com, stating that it, "provides support your body needs to produce optimal homocysteine levels for improved cardiovascular health…promotes proper neurological function…helps give your body what it needs for normal production of red blood cells." However, Defendant does not clarify that these benefits are not obtainable once the MeCO form of vitamin B12 is degraded to a negligible amount.

17. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other similarly situated consumers purchased Defendant's Products under the false impression that the Products contained a specific amount of micrograms of vitamin B per serving as stated on their labels.

18. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations, as the identical labels were prominently placed on all of bottles of Defendant's liquid B12 vitamin Products that were sold, and are currently being sold, throughout the United States and the State of California.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

19. As a result of Defendant's misrepresentations, Plaintiff and other consumers similarly situated overpaid for the Products, and/or purchased the Products under the false belief that the supplement they purchased would deliver the specific amount of B12 vitamins per serving advertised on Defendant's labels. Had Plaintiff and other consumers similarly situated been informed that Defendant's Products becomes unstable and degrades as soon as it is opened, they would not have purchased the Products, would have paid less for them, or would have purchased different B vitamin products.

20. As a result of Defendant's false and misleading statements and failure to disclose (or adequately disclose), as well as Defendant's other conduct described herein, Plaintiff and other similarly situated consumers purchased thousands, if not millions, of bottles of Defendant's liquid B vitamin Products and have suffered, and continue to suffer, injury in fact including the loss of money and/or property.

21. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

22. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

### FACTUAL ALLEGATIONS

23. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant manufactures, markets and/or sells a licensed healthcare professional-only line with over one hundred nutritional supplement products prescribed by healthcare providers nationwide. Specific to this Complaint, Defendant sells Products containing liquid B12 vitamin supplement and advertises, via the Products' labels, that it contains a specific amount of micrograms of B12 per serving.

25. Vitamin B12 is believed to be important to maintaining the health of one's metabolism, blood cells, and nerves, as serious vitamin B12 deficiency may result in stomach/intestine problems, low red blood cell count (anemia), and permanent nerve damage. Vitamin B12 deficiency may occur in certain health conditions, such as: poor nutrition, cancer, HIV infection, pregnancy, old age, and alcoholism. It may also occur in people who follow a strict vegetarian or vegan diet. Although most people receive enough vitamin B12 through their diet, special circumstances may require some individuals to supplement their vitamin B12 intake.

26. On or about July 15, 2015, Plaintiff purchased a bottle of Defendant's "BioGenesis —Methyl Factors 2 oz" liquid B12 vitamin supplement for $21.50 from the online store amazon.com.

27. The following label was attached to Defendant's Methyl Factors 2 oz vitamin B12 supplement:



KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

28. In making the decision to purchase Defendant's supplement, Plaintiff relied upon Defendant's labeling and packaging materials prepared and approved by Defendant and/or its agents and disseminated through its Product's packaging containing the misrepresentations alleged herein.

29. Based on these misrepresentations that the supplement contained 1,000 micrograms of liquid vitamin B12 per serving, Plaintiff believed Defendant's supplement actually contained that advertised amount of vitamin B12 and maintained this amount throughout its shelf life, and relied upon said misrepresentations when purchasing Defendant's product.

30. Furthermore, Defendant advertises on amazon.com that its Product, "provides support your body needs to produce optimal homocysteine levels for improved cardiovascular health…promotes proper neurological function…helps give your body what it needs for normal production of red blood cells." Plaintiff believed Defendant's supplement would provide these benefits until the contents of the Product were exhausted.

31. Plaintiff is informed and believes, and thereupon alleges, that vitamin B12 as MeCO, in liquid form, undergoes degradation at an unknown rate.

32. Plaintiff's claim does not seek to bring a private action against the Product's formal name and labeling in areas for which the Food and Drug Administration ("FDA") has promulgated regulations implementing the Federal Food and Drug and Cosmetic Act ("FFDCA"). Plaintiff's claim is, instead, predicated on the fact that the labeling and associated advertising is misleading and deceptive even if in compliance with the minimum requirements set forth by the FDA. Indeed, compliance with the minimum requirements is necessary, but it is not sufficient to determine whether a product's label is false and misleading, and simply does not provide a shield from liability. *See* e.g., *Wyeth v. Levine*, 129 S. Ct 1187, 1202 (2009).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

33. As a result of Defendant's misrepresentations regarding its liquid B vitamin supplements, Plaintiff and other putative class members were induced into purchasing and overpaying for Defendant's Products under the belief that the supplements they purchased contained the specified amount of B vitamins per serving, as stated on the Products' label, and maintained that specific advertised amount of B vitamins for the duration of the Products' shelf life. Had Plaintiff and putative class members been informed that Defendant's Products did not in fact contain and maintain the amount of B vitamins per serving as advertised, they would not have purchased the Products, would have paid less for it, or would have purchased a different product. In other words, Plaintiff would not have purchased Defendant's liquid B12 vitamin supplement, but for the representations on the Products' label and on amazon.com.

34. During the "Class Period," as defined below, Plaintiff and others similarly situated were exposed to and saw Defendant's advertising, marketing, and packaging claims disseminated by Defendant for the purpose of selling goods. Plaintiff and putative class members purchased Defendant's Products in reliance on these claims, and thereby suffered injury in fact and lost money and/or property as a result of Defendant's unfair, misleading and unlawful conduct described herein.

35. Defendant's misleading advertising was and is publicly disseminated on a widespread and continuous basis during the Class Period as the offending labels, containing the inaccurate amount per serving of B vitamins, were affixed to all of Defendant's liquid B vitamin supplement bottles Defendant sold throughout the State of California and throughout the United States.

36. Defendant's label was untrue, false, and misleading to Plaintiff and putative class members, as a reasonable consumer would expect Defendant's Products to contain and maintain the advertised amount of vitamin B. Specifically, Plaintiff, a reasonable consumer, expected Defendant's claim of 1,000

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

micrograms of vitamin B12 per serving to mean that the product contained such amount of vitamin B12 when purchased and maintained that amount for the duration of its shelf life. Accordingly, the reasonable consumer would have been misled into believing Defendant's B vitamin supplements contain and maintain the specified amount of B vitamin per serving, when in fact Defendant's Products do not.

37. Defendant received a demand letter from Plaintiff's counsel on or about July 31, 2015, informing the Defendant that their conduct was in violation of several California laws and that Defendant needed to take corrective action. Defendant has yet to take any meaningful response.

38. Defendant knew, or in the exercise of reasonable care should have known, its labels were misleading. Defendant could have easily disclosed on its packaging that its Product become unstable upon opening and degrade over time, such that the amount of B vitamins becomes negligible and ineffective. However, Defendant deliberately chose to omit such text and intentionally or negligently retained a false claim within its Products' packaging for the purpose of selling its Products.

39. Defendant made a tactical decision to deceive consumers with the intent of reaping the financial benefit of the false, misleading, and deceptive advertising regarding the amount per serving of B vitamin contained and maintained in its Products, intentionally capitalizing on a reasonable consumer's trust in a nationally branded company perceived to supply quality vitamin products.

## CLASS ACTION ALLEGATIONS

40. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

42. Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

> All persons within California who purchased one or more of Defendant's Products within the four years prior to the filing of this Complaint, regardless of the brand under which Defendant markets the Product, and regardless of the specific amount of B vitamins advertised on the Products' label.

43. Excluded from the Class are Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Products for the purposes of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

44. The "Products" include "BioGenesis — Methyl Factors 2 oz", and substantially similar products, including but not limited to BioGenesis — Methyl Factors 2 oz (2,500 mcg of Methylcobalamin); LifeTime – Liquid B-Complex with Vitamin C; Kal – B12 Methylcobalamin ActivSpray; Kal – B12 ActiveSpray; and All Once – Liquid Life.

45. The "Class Period" means four years prior to the filing of the Complaint in this action.

46. Ascertainability.    The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records regarding retail and online sales, as well as through public notice.

47. Numerosity.    The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, that the product is an Amazon's choice product, and on that basis alleges, that the proposed class consists of thousands of members, if not millions.

48. Existence and Predominance of Common Questions of Law and Fact.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant's liquid B vitamin supplements becomes unstable upon opening and degrade over time;

b. Whether Defendant's liquid B vitamin supplements actually contain the advertised amount of B vitamins per serving;

c. Whether Defendant's liquid B vitamin supplements maintain the advertised amount of B vitamins per serving throughout their shelf life;

d. Whether Defendant's claims and representations above are untrue, or are misleading, or reasonably likely to deceive;

e. Whether Defendant's conduct violates California Civil Code §§ 1750;

f. Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500 *et seq.*;

g. Whether Defendant's conduct is an unlawful act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq.*;

h. Whether Defendant's conduct is a fraudulent act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq.*;

i. Whether Defendant's conduct is in violation of California's Health and Safety Code § 110660;

j. Whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq.*;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

k.   Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200 *et seq.*;

l.   Whether Defendant acted negligently or intentionally in making the misrepresentations contained in its Products' label;

m.   Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

n.   Whether Plaintiff and proposed members of the Class are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and

o.   Whether Plaintiff and proposed members of the Class are entitled to injunctive relief sought herein.

49. Typicality.   Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, purchased Defendant's liquid B vitamin supplement after exposure to the same material misrepresentations and/or omissions appearing in the Products' labeling, and received a Product that becomes unstable and degrades upon opening such that the amount of vitamin B becomes negligible and ineffective over time.   Plaintiff is advancing the same claims and legal theories on behalf of herself and all absent members of the Class.   Defendant has no defenses unique to the Plaintiff.

50. Adequacy of Representation.   Plaintiff will fairly and adequately protect the interests of the members of the Class.   Plaintiff has retained counsel experienced in consumer protection law, including class actions.   Plaintiff has no adverse or antagonistic interest to those in the Class, and will fairly and adequately protect the interests of the Class.   Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

51. <u>Superiority</u>.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system.  The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant.  The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

52. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote and package Defendant's liquid B vitamin Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

53. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1    the Class as a whole, making class certification appropriate pursuant to Fed. R.

2    Civ. P. 23(b)(2).

3    ## FIRST CAUSE OF ACTION

4    ## VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

5    ## CAL. CIV. CODE SECTION 1750, *ET SEQ.*

6    54. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of

7    this Complaint as though fully stated herein.

8    55. California Civil Code Section 1750 *et seq.*, entitled the Consumers Legal

9    Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive"

10   practices in a "transaction" relating to the sale of "goods" or "services" to a

11   "consumer."   The Legislature's intent in promulgating the CLRA is expressed

12   in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

13
14           Construed liberally and applied to promote its underlying
             purposes, which are to protect consumers against unfair
             and deceptive business practices and to provide efficient
15           and economical procedures to secure such protection.

16   56. Defendant's products constitute "goods" as defined pursuant to Civil Code

17   Section 1761(a).

18   57. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to

19   Civil Code Section 1761(d).

20   58. Each of Plaintiff's and the Class members' purchases of Defendant's products

21   constituted a "Transaction" as defined pursuant to Civil Code Section 1761(e).

22   59. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

23
24           The following unfair methods of competition and unfair
             or deceptive acts or practices undertaken by any person
25           in a transaction intended to result or which results in the
             sale or lease of goods or services to any consumer are
26           unlawful:
             [m]isrepresenting the source, sponsorship, approval, or
27           certification of goods or services,

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

> [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have ….,
> [r]epresenting that goods or services are of a particular standard, quality, or grade… if they are of another, [and] [a]dvertising goods or services with intent not to sell them as advertised."

60. Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing that its Products have a certain amount of B vitamins in liquid form, when, in fact, each and every liquid dietary supplement containing vitamin B12 produced and sold by Defendant does not contain the amount of vitamin B12 per serving as advertised.

61. On information and belief, Defendant's Product degrade or become unstable immediately upon opening, rapidly degrading over time such that the amount of liquid B12 vitamins become negligible, thereby rendering Defendant's Product ineffective and misbranded.

62. On information and belief, Defendant's violations of the CLRA set forth herein were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely for Defendant's self-interest, monetary gain and increased profit.  Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

63. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant, as a result of Defendant's false representations set forth on Defendant's actual Products' label, specifically the Supplemental Facts.

64. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

65. As of the filing of this Complaint, Defendant has not complied with Plaintiff's demand letter pursuant to California Civil Code § 1782, which was served on or about July 31, 2015 via United States Postal Service return receipt requested.

66. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future and to recover money damages.

**SECOND CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE**

**BUS. & PROF. CODE, SECTION 17500 *ET SEQ.***

67. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

69. Defendant states that Biogensis-Methyl Factors 2 oz contains 1,000 micrograms of vitamin B12 in MeCO form, when, in fact, it contains much less due to the its degradation. Defendant makes similar statements regarding specific amounts of vitamin B12 in its Products, despite all of them degrading.

70. These misrepresentations, acts, and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore violate Business & Professions Code §§ 17500 *et seq*.

71. At all times relevant, Defendant's advertising and promotion regarding its Products were untrue, misleading and likely to deceive the reasonable consumer and the public; and, in fact, Defendant has deceived Plaintiff and consumers similarly situated by representing that its Products contained a specific amount of micrograms of liquid B vitamins per serving when Defendant knew and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

failed to disclose that its Products become unstable once opened and degrade over time until the amount of vitamin B is negligible and ineffective.

72. State law claims based on a food product's misleading and deceptive labels are expressly permitted when they impose legal obligations identical to those of the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing FDA regulations, including FDA regulations concerning naming and labeling. *See* e.g., *In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff's § 17500 claim that the labels of Defendant's Products are false or misleading imposes legal obligations identical to 21 U.S.C. § 343(a) of the FFDCA, which states that, "a food shall be deemed to be misbranded…[i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FFDCA is not subject to express preemption provision set forth in 21 U.S.C. § 343-1 of the FFDCA.

73. Defendant engaged in the false and/or misleading advertising and marketing as alleged herein with the intent to directly or indirectly induce the purchase of its Products that Defendant knew, or had reason to know, did not contain and maintain the advertised micrograms of B vitamins per serving.

74. In making and publicly disseminating the statements and/or omissions alleged herein, Defendant knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500 *et seq*.

75. Plaintiff and members of the putative Class have suffered injury in fact and have lost money and/or property as a result of Defendant's false advertising, as more fully set forth herein. Plaintiff and members of the Class have been injured because they were induced to purchase Defendant's Products on the belief that Defendant's Products contained and maintained a specific amount of micrograms of B vitamins per serving. Plaintiff and members of the putative Class have been injured because if they were informed that Defendant's liquid

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

vitamin B Products become unstable upon opening and degrade thereafter, they would not have purchased the supplements, would have paid less for them, or would have purchased a different product from another manufacturer.

76. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of untrue and misleading advertising and promotion of its Products, as defined by Business & Professions Code §§ 17500 *et seq*., by engaging in the false advertising and promotion of its supplements as containing and maintaining a certain amount of micrograms of B vitamins per serving on its Product's labeling.

77. The false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers, as Defendant continues to use the deceptive labels and advertising, which will continue to mislead consumers who purchase Defendant's liquid vitamin B Products under false premises.

78. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase Defendant's Products, due to the unlawful acts of Defendant, during the Class Period.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S SHERMAN LAW
### CAL. HEALTH & SAFETY CODE §§ 110660

79. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

80. Section 110660 states, "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is part of California's Sherman

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Food, Drug and Cosmetic law, California Health & Safety Code § 109875, *et seq.* (the "Sherman law").

81. Defendant has violated Section 110660 by labeling its consumable supplement Products as containing a specific amount of micrograms of vitamin B12, despite knowing that this vitamin begins degrading rapidly after the container is opened. These Products' label misleads and deceives consumers into believing that Defendant's Products contain and maintain a 1,000 mcg of B vitamins.

82. State law claims based on a food product's misleading and deceptive label are expressly permitted when they impose legal obligations identical to the FFDCA and its implementing FDA regulations, including FDA regulations concerning naming and labeling. *See* e.g., In re Farm Raised Salmon Cases, 22 Cal. 4th 1077, 1094-95 (2008). The Sherman law expressly incorporates into California law all of the food labeling regulations adopted pursuant to the FFDCA. Plaintiff's claim that the labels of Defendant's Products violate California Health & Safety Code § 110660 imposes legal obligations identical to 21 U.S.C. § 343(a) of the FFDCA. Since § 110660 imposes the identical legal obligation that "any food is misbranded if its labeling is false or misleading in any particular," part of Plaintiff's section 17200 claim (*infra*), which is based in part on § 110660, is expressly permitted and not preempted by the FFDCA. Further, § 343(a) of the FFDCA is not subject to express preemption provision set forth in 21 U.S.C. § 343-1 of the FFDCA.

### FOURTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE

### BUS. & PROF. CODE, SECTION 17200, *ET SEQ.*

83. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

84. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

85. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

86. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Bus. & Prof. Code § 17200 *et seq*.

## A. "Unlawful" Prong

87. Beginning at a date currently unknown through the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code § 17200 *et seq*. by manufacturing, distributing, and/or marketing Defendant's Products in violation of California's Consumers Legal Remedies Act, Civil Code Section 1759, *et seq*., California's False Advertising Law, Business & Professions Code §§ 17500 *et seq*. and California's Health & Safety Code §§ 110660 by falsely representing that the Products referenced herein contain a specific amount of micrograms of B vitamins per serving, when, in fact, the Products do not

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

contain or maintain the advertised amount, as they become unstable upon opening and degrade over time.

## B. "Unfair" Prong

88. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200 *et seq*. Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in conduct and practices that threaten an incipient violation of law/s or violate the policy or spirit of law/s by manufacturing, distributing, and/or marketing Defendant's Products as containing a specific amount of micrograms of B vitamins per serving, when, in fact, the Products do not contain or maintain the advertised amount, as they become unstable upon opening and degrade over time.

89. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by manufacturing, distributing, and/or marketing Defendant's Products as containing 1,000 micrograms of B vitamins per serving, when, in fact, the Products do not contain or maintain that advertised amount, as they become unstable upon opening and degrade over time.

90. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices, including manufacturing, distributing, marketing, and/or advertising Defendant's Products as containing a certain amount of B vitamins per serving, when, in fact, the Products do not contain or maintain that advertised amount, as they become unstable upon opening and degrade over time; wherein: (1) the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

### C. "Fraudulent" Prong

91. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200 *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200 *et seq.*, by manufacturing, distributing, and/or marketing Defendant's Products in violation of California's Consumers Legal Remedies Act, Civil Code Section 1759, *et seq.*, California's False Advertising Law, Business & Professions Code §§ 17500 *et seq.* and California's Health & Safety Code §§110660 by falsely representing that the Products referenced herein contain a certain amount of B vitamins per serving, when, in fact, the Products do not contain or maintain the advertised amount, as they become unstable upon opening and degrade over time.

92. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

93. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's Products contain a certain amount of B vitamins per serving, when, in fact, the Product does not contain or maintain the advertised amount, as they become unstable upon opening and degrade over time.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

94. Plaintiff, a reasonable consumer, and the public would likely be, and, in fact were, deceived and misled by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the Product contains the advertised number of micrograms of B vitamins per serving.

95. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

96. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

97. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 *et seq.* Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

98. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of its competitors and the public.

99. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided money to Defendant based on Defendant's misleading representations.

100. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on the Defendant's Products.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

101.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

FIFTH CAUSE OF ACTION FOR

NEGLIGENT MISREPRESENTATION

102.    Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

103.    At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiff, by packaging and other means, that Defendant's Products contain a certain amount B vitamins per serving as described herein.

104.    Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff and putative class members, to purchase Defendant's Products because the misrepresentations were placed on the product itself, as well as, in the Products' descriptions online.

105.    Plaintiff and other similarly situated persons saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the Product, as described herein.

106.    At all times relevant, Defendant made the misrepresentations herein alleged when Defendant should have known these representations to be untrue, and Defendant had no reasonable basis for believing the representations to be true.

107.    As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Products, due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### SIXTH CAUSE OF ACTION FOR

### INTENTIONAL MISREPRESENTATION

108.   Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

109.   At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant intentionally represented to the public, including Plaintiff, by promoting and other means, that Defendant's Products contain a certain amount of B vitamins per serving in the Products' labeling, as described herein. Defendant's representations were untrue.

110.   Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Defendant's Product, for Defendant's own financial gain.

111.   Defendant intentionally made such misrepresentations by printing a specified amount of liquid vitamin B under the amount per serving on its Products' label, including, but not limited to, 1,000 micrograms of liquid B12 vitamin.

112.   The statement regarding Defendant's Products containing a specific amount of B vitamins per serving was misleading because vitamin B, in liquid form, becomes unstable and degrades over time.  The supplement therefore does not contain the advertised amount of vitamin B per serving as Defendant advertises on its Products' label.

113.   Plaintiff and other similarly situated persons saw, believed, and relied upon Defendant's advertising representations and, in reliance on such representations, purchased the Products, as described above.

114.   At all times relevant, Defendant intentionally made the misrepresentations herein alleged, allowed the misrepresentations to continue to be made by its resellers and Defendant knew the representations to be false.

115.   As a proximate result of Defendant's intentional misrepresentations, Plaintiff and other consumers similarly situated were induced to spend an amount of money to be determined at trial on Defendant's misrepresented Products.

116.   Defendant knew that its Products did not contain the advertised amount of B vitamins per serving, but nevertheless made representations that it did with the intention that consumers rely on Defendant's representations.

117.   Defendant also knew that retailers were advertising its Products as containing a certain amount of B vitamins per serving, as Defendant designed, manufactured, and affixed the product labeling to its Products before supplying them to the retailers.

118.   Plaintiff and other consumers similarly situated, in purchasing and using the Products as herein alleged, did rely on Defendant's representations, including the representations on Defendant's Products' label, all to their damage and/or detriment as herein alleged.

119.   Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i.    The "who" is Defendant;

    ii.    The "what" is the representation that Defendant's liquid B vitamin Products contain a specific amount of micrograms of B vitamins per serving;

    iii.    The "when" is the date Plaintiff purchased the product and the Class Period of four years prior to the filing of the Complaint;

    iv.    The "where" is in Defendant's product labeling; and

    v.    The "how" is the allegation that Defendant did not disclose that its Products do not actually deliver the advertised micrograms of B

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

vitamins per serving because they become unstable and degrade over time.

120.   By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the Class are therefore entitled to recover exemplary or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiff's attorneys be appointed Class counsel;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue advertising, marketing and otherwise representing its liquid B vitamin Products as containing a specified amount of B vitamins per serving; (ii) disclose the instability and degradation that Defendant's liquid B vitamin Products undergo when opened; (iii) correct any erroneous impression consumers may have derived concerning the amount of vitamin B contained in Defendant's Products, including without limitation, the placement of corrective advertising and providing written notice to the public;

- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and, also, to restore to Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- Prejudgment and post judgment interest;

- Special, general, and compensatory damages to Plaintiff and the Class for negligent and/or intentional misrepresentations;

- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;

- Costs of this suit;

- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

- Awarding any and all other relief that this Court deems necessary or appropriate.

## TRIAL BY JURY

121.    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: November 7, 2017                   Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**


By:___/s/ ABBAS KAZEROUNIAN_____
        ABBAS KAZEROUNIAN, ESQ.
        ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1

2

[ADDITIONAL PLAINTIFF'S COUNSEL]

3

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)

4

josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101

5

San Diego, CA 92108-3551
Telephone: (619) 233-7770

6

Facsimile:  (619) 297-1022

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626